*United States v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-six.

Present:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.         23-6153

ANDREW D. WILLIAMS,

   *Defendant-Appellant.*

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | Timothy P. Murphy, Federal Public Defender's Office for the Western District of New York, Buffalo, NY. |
| FOR APPELLEE: | Tiffany H. Lee, Assistant U.S. Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

On July 12, 2022, Defendant-Appellant Andrew Williams pleaded guilty under a plea agreement to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession with intent to distribute a controlled substance, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was subsequently sentenced principally to a term of 150 months' imprisonment and three years' supervised release. The written judgment included thirteen "standard" conditions of supervised release,[1] which the district court did not orally pronounce at sentencing. On appeal, Williams challenges the district court's failure to pronounce these "standard" conditions of supervised release orally at the sentencing hearing. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In *United States v. Maiorana*, 153 F.4th 306 (2d Cir. 2025) (en banc), we held that "a sentencing court intending to impose non-mandatory conditions of supervised release, including the 'standard' conditions described in [U.S.S.G.] § 5D1.3[(b)(2)], must notify the defendant during the sentencing proceeding; if the conditions are not pronounced, they may not later be added to the written judgment." *Id.* at 314. Here, "the district court neither pronounced [Williams's] standard conditions of supervised release listed in the judgment at sentencing, nor specifically incorporated by reference particular conditions that had been set forth in writing and made available to [Williams]." *United States v. Shelton*, No. 24-2101, 2025 WL 3687777, at *5 (2d

---

[1] *See* U.S.S.G. § 5D1.3(b)(2) (setting forth the "standard" conditions of supervised release).

Cir. Dec. 19, 2025) (summary order) (cleaned up). The parties agree that, under *Maiorana*, vacatur of the "standard" conditions and remand are appropriate.[2] We agree with the parties' assessment and vacate that part of the district court's judgment. If the district court intends to reimpose the "standard" conditions of supervised release on remand, "it must convene a hearing in the presence of the defendant and must advise the defendant that those conditions will be imposed." *Maiorana*, 153 F.4th at 315.

$$* \quad * \quad *$$

For the foregoing reasons, we **VACATE** the judgment of the district court with respect to the "standard" conditions of supervised release and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] *Maiorana* established a "new rule of criminal procedure" that applies to "cases currently on direct review," like Williams's. 153 F.4th at 314 n.11.